UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL HAY,

    Plaintiff,

v.                                  CASE NO.:  6:16-cv-484-Orl-18DAB

ALH ADMINISTRATIVE SERVICES, LLC
a Foreign Limited Liability Company,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, DANIEL HAY ("Plaintiff" or "Mr. Hay"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

## PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant.

4. ALH ADMINISTRATIVE SERVICES, LLC ("Defendant" or "ALH"), is a foreign limited liability company, with locations throughout Florida, and in particular, Osceola County, Florida.

5. Plaintiff is a resident of Osceola County, Florida, and the actions at issue took place in Osceola County, Florida.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the Defendant employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

## FACTUAL ALLEGATIONS

8. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Defendant interfered with and/or retaliated against Plaintiff.

9. Mr. Hay toiled for ALH as a sales agent from January 1, 2013, until his unlawful termination on September 29, 2015.

10. Mr. Hay was a well regarding employee and had no significant documented history of non-medical attendance, performance, or disciplinary issues.

11. On September 13, 2015, Mr. Hay was admitted to Winter Park Memorial Hospital due to two (2) blood clots in his left leg.

12. The hospital doctor told Mr. Hay "you are lucky you did not lose your left leg."

13. That day, Mr. Hay called his manager at ALH, Chance Robinson, and informed him of his hospitalization, serious chronic health condition, and obvious need for FMLA leave.

14. Mr. Hay was discharged from the hospital on September 14, 2015, and he was referred to the Baldwin Park, Florida Veterans' Administration ("VA") for coordinated care with his primary care physician ("PCP").

15. Mr. Hay's PCP prescribed three (3) weeks bed rest, warning that if he moved around, the clots could break free and possibly be lethal.

16. That same day, Mr. Hay informed Mr. Robinson of his doctor's orders and of the fact that he would need to be on bed rest for the next three (3) weeks.

17. ALH, despite being unambiguously informed of Mr. Hay's serious chronic health condition, did not offer Mr. Hay unpaid leave pursuant to the FMLA, or advise him of his FMLA rights in any way.

18. As a covered employer, ALH was required to notify Mr. Hay of his FMLA rights and provide him with certain documentation outlining same.

19. Instead, Mr. Robinson merely said, "oh, wow, well take care of yourself and keep us up to date."

20. In an abundance of caution, Mr. Hay faxed his doctor's letter prescribing the aforementioned three (3) weeks of bed rest to ALH on September 16, 2015.

21. On Friday, September 18, 2015, Mr. Hay also faxed his PCP's letter to ALH's supervisor, Lee Jay Hart, in Winter Haven, Florida, and he also called ALH's

headquarters in Clearwater, Florida, to advise them of his medical condition, hospitalization, and need for FMLA leave.

22. Incredibly, ALH's HR department in Clearwater told Mr. Hay that it did not need the letter or any other documentation.

23. Mr. Hay kept in touch with Mr. Robinson over the ensuing couple of weeks, calling him on September 18, 2015, and on September 24, 2015, and advising Mr. Robinson of his plan to return to work on Monday, October 4, 2015.

24. On October 2, 2015, however, Mr. Hay learned that he had been locked out of his ALH email account.

25. Mr. Hay called ALH's IT Department, and asked ALH to reset his email password.

26. ALH instead transferred Mr. Hay to a different department, which informed him that ALH had terminated him effective September 29, 2015.

27. No reason was ever provided to Mr. Hay for his termination.

28. ALH's termination of Mr. Hay, while he was on what should have been FMLA protected leave, violated the FMLA's interference and retaliation protections/provisions.

## FMLA INTERFERENCE/ RETALIATION

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28 above.

30. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff, because Plaintiff attempted to exercise his right to take leave from work under the FMLA.

4

31. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff in violation of the FMLA, as it failed to offer his notice of his rights under the FMLA, and then terminated him for necessitating same in violation of the FMLA.

32. At all times relevant hereto, Plaintiff suffered from a "serious health condition" within the meaning of the FMLA.

33. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA.

34. Defendant interfered with and retaliated against Plaintiff for exercising his right under the FMLA, because Defendant terminated Plaintiff for necessitating such FMLA leave.

35. At all times relevant hereto and for purposes of the FMLA retaliation claim, Defendant acted with the intent to discriminate against Plaintiff, because Plaintiff exercised his right to leave pursuant to the FMLA.

36. As a result of Defendant's intentional, willful and unlawful acts by discriminating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

37. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

38. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate. Plaintiff demands trial by jury on all issues so triable.

DATED this 9th day of March 2016.

By: _____
Richard Celler, Esquire
Florida Bar No. 0173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: richard@floridaovertimelawyer.com