UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL HAY,

    Plaintiff,

v.

ALH ADMINISTRATIVE SERVICES, LLC

    Defendant.

Case No. 6:16-cv-484-ORL-18DCI

**DEFENDANT'S MOTION FOR COSTS
WITH SUPPORTING MEMORANDUM OF LAW**

Defendant, ALH ADMINISTRATIVE SERVICES, LLC ("ALH"), by and through the undersigned attorneys, files this Motion for Costs pursuant to Fed.R.Civ.P. 54, 28 U.S.C. § 1920, and Local Rules 3.01 and 4.18 of the Local Rules for the Middle District of Florida. In support of this Motion, ALH states as follows:

**BACKGROUND**

1. On March 18, 2016, Plaintiff, Daniel Hay ("Hay") filed suit against ALH alleging claims under the Family and Medical Leave Act ("FMLA"), 28 U.S.C. § 2601, for FMLA Interference/Retaliation. (Doc. 1)

2. On May 9, 2016, ALH filed its Answer and Affirmative Defenses requesting an award of costs. (Doc. 13)

3. On November 28, 2016, Hay filed an Amended Complaint. (Doc. 25)

1

4. On December 15, 2016, ALH filed its Answer and Affirmative Defenses to the Amended Complaint requesting an award of costs. (Doc. 30)

5. On March 10, 2017, ALH filed its Motion for Summary Judgment arguing that it was entitled to summary judgment as a matter of law on Hay's FMLA Interference/Retaliation claim because there was no genuine issue as to a material fact because Hay was an independent contractor and was never an employee of ALH and therefore was not entitled to FMLA benefits. (Doc. 37.) ALH also maintained that the reason Hay's contractor relationship was terminated was due to Hay's breach of his agreements and was not due to retaliation.

6. On May 15, 2017, Hay filed a Second Amended Response Memorandum (Doc. 54) to ALH's Motion for Summary Judgment.

7. On May 23, 2017 ALH filed its Reply to Hay's Second Amended Response Memorandum to ALH's Motion for Summary Judgment. (Doc. 55)

8. On June 21, 2017, the Court entered an Order granting ALHS' Motion for Summary Judgment on Hay's FMLA claims and finding that Hay was an independent contractor. (Doc. 58).

9. On June 22, 2017, the Court entered a Judgment in favor of ALH against Hay as a result of the entry of the June 21 Order. (Doc. 59.)

10. ALH now moves for its costs associated with this litigation pursuant to Fed.R.Civ.P. 54, Local Rule 4.18, and 28 U.S.C. § 1920.

11. Pursuant to Local Rule 3.01(g) counsel for the Defendant certifies that he has conferred with counsel for Plaintiff about the subject matter of this Motion and has made a

good faith effort to resolve the aforementioned fees and costs issue, but as of the date of filing this Motion, the parties have not been able to agree upon a resolution.

## MEMORANDUM OF LAW

ALH moves to establish its entitlement to recover costs under federal statute and the Federal Rules of Civil Procedure and Local Rules by providing the following arguments with supporting affidavits and exhibits.

ALH is the prevailing party in this action by virtue of the Order granting summary judgment to ALH and the associated Judgment. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir 1995). (Doc. 58 and 59). Costs are a judicial attempt to make the prevailing party whole. *Mikes v. City of Hollywood*, 687 So.2d 1381, 1384 (Fla. 4th DCA 1997). The theory being that one should not lose anything, at least financially, by virtue of having established the righteousness of his/her claims. *Id.* Federal Rule of Civil Procedure 54(d)(1) states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees, should be allowed to the prevailing party." Fed.R.Civ.P. 54. Under this rule, there is a strong presumption that the prevailing party will be awarded costs. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007); *Disa v. Ashley Furniture Indus., Inc.*, 2016 WL 3021867, *1 (M.D. Fla. 2016). Local Rule 4.18 also provides for an award of costs upon the filing of an appropriate motion. Even though the FMLA statute provides for the award of costs to a prevailing plaintiff, not a prevailing defendant, American courts have adopted the English practice of awarding costs to the prevailing party, whether they are a plaintiff or a defendant. *Billings v. Cape Cod Child Development Program, Inc.*, 270 F. Supp. 2d 175, 177 (D. Mass. 2003) (citing *Alyeska Pipeline Service Company v. Wilderness Society*, 421 U.S.

3

240 (1975)). Further, "the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. General Revenue Corp.*, 133 S.Ct. 1166, 1172 (2013); *see also Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560 (2012).

"A judge. . . of any court of the United States may tax costs. . . [f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28. U.S.C. § 1920(4). Copies attributable to discovery, pleadings, correspondence, documents tendered to other parties, exhibits, and documents prepared for the court's consideration are recoverable. *Fressell v. AT&T Techs., Inc.*, 103 F.R.D. 111, 115-16 (N.D. Ga. 1984). Here, ALH incurred $4,598.49 in costs associated with this case (see Affidavit of Costs attached as Exhibit "A" and incorporated herein). These costs incurred by ALH were necessary in defending the claims against it and were reasonably incurred. In order to make ALH whole again, the reimbursement of these costs in the total amount is requested.

WHEREFORE, ALH requests that this Court enter a judgment in ALH's favor against Hay determining that ALH is entitled to recover its costs from Hay and determining that ALH be awarded costs in the amount of $4,598.49 that ALH incurred in this action, and grant ALH such further relief as this Court deems just and proper.

Dated: JULY 6, 2017

R. Nathan Hightower, Esq.
FBN: 393990
Email: nhightower@amerilife.com
Secondary: sfazio@amerilife.com
Ryan M. Scully, Esq.
FBN: 0030944
Email: rscully@amerilife.com
2650 McCormick Drive, Suite 300L
Clearwater, Florida 33759

        Telephone: 727-287-0775
        Facsimile:  727-216-7008
        Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of July, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and I mailed a copy via U.S. Mail to: Richard Celler, Esquire and Noah E. Storch, Esquire, Richard Celler Legal, P.A., 7450 Griffin Road, Suite 230, Davie, Florida 33314, and e-mailed a copy via email to: richard@floridaovertimelawyer.com and noah@floridaovertimelawyer.com.

        _/s/ R. Nathan Hightower_
        R. Nathan Hightower, Esq.
        FBN: 393990
        Email: nhightower@amerilife.com
        Secondary: sfazio@amerilife.com
        Ryan M. Scully, Esq.
        FBN: 0030944
        Email: rscully@amerilife.com
        2650 McCormick Drive, Suite 300L
        Clearwater, Florida 33759
        Telephone: 727-287-0775
        Facsimile:  727-216-7008
        Attorneys for Defendant